UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JASON LORENTZEN,
             Petitioner,

                                       No. 5:06-cv-89

-v-
                               HONORABLE PAUL L. MALONEY

KENNETH MCKEE,
             Respondent.


## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Jason Lorentzen, a prisoner under the control of the Michigan Department of Corrections (MDOC), through counsel, filed a petition for writ of habeas corpus under 28 U.S.C § 2254. Petitioner raises four issues: (1) the method of jury selection denied his right to a fair trial, (2) prosecutorial misconduct for repeatedly injecting, into the trial, the fact that Petitioner was a police officer, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. The magistrate judge issued a report (Dkt. No. 33) recommending the petition be denied. Lorentzen (Petitioner) filed objections. (Dkt. No. 34.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those

---

[1]The rule has since been amended to allow objections to be filed up to fourteen days after the R&R issues. Petitioner filed his objections approximately seven days after the R&R issued. Petitioner's objections were timely.

objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).


ANALYSIS

Petitioner raises objections to five conclusions in the R&R. In each instance, Petitioner objects to a legal conclusion, rather than a factual conclusion. Petitioner has not identified any specific factual errors in the R&R. The court finds the facts outlined in the R&R accurate.

A. PROCEDURAL DEFAULT

The magistrate judge concludes each of the four issues raised in the petition were procedurally defaulted. Petitioner objects. Petitioner argues ineffective assistance of trial counsel and appellate counsel provides good cause to overcome any procedural default. Petitioner explains that he was represented by the same person at trial and on direct appeal.

Petitioner's objection is OVERRULED. The magistrate judge accurately summarized the standard for procedural default in habeas petitions. The state trial court concluded, for the purposes

of Petitioner's motion for relief from judgment filed under M.C.R. 6.500, Petitioner could not establish both good cause and actual prejudice in order to excuse his failure to raise the four issues on direct appeal. (Dkt. No. 2-8.) Both the Michigan Court of Appeals and the Michigan Supreme Court declined to grant Petitioner leave to appeal, citing M.C.R. 6.508(D). (Dkt. Nos. 2-10 and 2-12.) Accordingly, the last two state courts reviewing the issues concluded Petitioner's ineffective assistance of trial and appellate counsel claims were procedurally defaulted under Michigan law and opted not to address those claims on the merits. The Sixth Circuit Court of Appeals has held that such orders preclude review of the defaulted claims in federal habeas proceedings. *See Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002); *Simpson v.* Jones, 238 F.3d 399, 406 (6th Cir. 2000). Although a procedurally defaulted claim may be excused by an ineffective assistance of counsel claim, the ineffective assistance of counsel claim may itself be defaulted, which is precisely what occurred here. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The court concludes Petitioner has failed to establish both cause and prejudice to overcome the procedural default. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

B. JURY SELECTION

The magistrate judge concludes the manner in which the jury was selected did not violate either Michigan or federal law.[2] This claim was defaulted because Petitioner failed to raise it on direct appeal. If this claim is without merit, it cannot serve as evidence of prejudice for his ineffective assistance of counsel claims. Petitioner objects to the magistrate judge's conclusion.

---

[2]The magistrate judge found the method used for selecting the jury was the same as the method described in *People v. Hinchey*, No. 233154, 2003 WL 231320 (Mich. Ct. App. Jan. 31, 2003) (unpublished opinion) (per curiam). Petitioner has not objected to this factual conclusion. Petitioner objects to the use of the *Hinchey* opinion as it lacks precedential value.

Petitioner argues an element of randomness was removed from the method by which replacement jurors were selected to fill spots vacated by jurors who had been excused or removed.

Petitioner's objection is OVERRULED. Petitioner has not established that the jury selection method employed violated Michigan state law. Accordingly, trial counsel cannot be held ineffective for failing to object to the method employed. Contrary to Petitioner's assertion, the method used for selecting jurors in his case is different, in important ways, from the method for selecting a jury that was criticized in *People v. Miller*, 307 N.W.2d 335 (Mich. 1981). In *Miller*, there were no replacement jurors as the entire venire of possible jurors was seated, examined, and then subject to challenges. In Petitioner's case, each replacement juror was subject to challenge, consistent with state rules. Petitioner argues that the magistrate judge improperly relied on *Hinchey*, an unpublished case, rather than *People v. Green (on remand)*, 613 N.W. 2d 744 (Mich. Ct. App. 2000). Assuming, for the sake of argument only, that *Green* should control the question of whether state law was followed, Petitioner still cannot establish the prejudice prong, that the result of the proceeding would have been different, for his ineffective assistance of trial counsel claim. Because trial counsel did not object to the selection process prior to the selection of the jury, under Michigan law, the state courts would review the claim under the state's plain error analysis. *See People v. Cairnes*, 597 N.W.2d 130, 139 (Mich. 1999). *Green* makes clear that reversal of Petitioner's conviction is not required for violations of the court rules regarding jury selection. *Green*, 613 N.W.2d at 747. Petitioner has not demonstrated or otherwise established that the outcome of the trial would have been different. Furthermore, this conclusion is consistent with multiple unpublished opinions issued by the Michigan Court of Appeals since *Green* where defendants challenged the method of jury selection. *See People v. McCray*, No. 261851, 2006 WL 3332925, at *1 (Mich. Ct. App. Nov. 16,

2006); *People v. Flannigan*, No. 252192, 2005 WL 1048736, at *2 (Mich. Ct. App. May 5, 2005)

*People v. Meyer*, No. 252801, 2005 WL 502548, at *1-*2 (Mich. Ct. App. Mar. 15, 2005); *Hinchey*,

2003 WL 231320, at *2.

Petitioner also argues the magistrate judge incorrectly concluded the manner in which the jury was selected did not violate federal law. It is unclear whether, in the state court proceedings, Petitioner ever raised his jury selection issue as a constitutional claim. Petitioner has not provided this court with any United States Supreme Court authority holding that the randomness of juror replacements during the jury selection process is an essential part of the right to a fair trial. Accordingly, Petitioner has not established that either the method of jury selection or any decision rendered in the state courts regarding the method of jury selection violated clearly established federal law.

For these reasons, this portion of the report is ADOPTED as the opinion of this court.

## C. PROSECUTORIAL MISCONDUCT

Prior to trial, Petitioner filed a motion in limine to preclude the introduction of evidence regarding this status as a police officer. The trial court overruled the motion. Petitioner reasserted the claim on direct appeal. The Michigan Court of Appeals found the evidence was probative, relevant, and was not prejudicial. (Dkt. No. 2-4.) In his motion for relief to the state trial court, Petitioner amended the claim to allege prosecutorial misconduct arising from the introduction of the evidence of Petitioner's status as a police officer and making statements to the same effect. The state trial court rejected the claim on procedural grounds. (Dkt. No. 2-8.) The magistrate judge concludes the comments were not inappropriate, the evidence was relevant, the comments were isolated, and the evidence against Petitioner was overwhelming. Petitioner objects. Petitioner

argues the comments were not isolated, were not relevant to a determination of whether he committed the crimes, and that the comments deprived him of a fair trial.

Petitioner's objection is OVERRULED. Having reviewed the record *de novo*, the court finds the report well reasoned and well supported. The ineffective assistance of counsel claims cannot serve as cause and prejudice to overcome the procedural default of this claim. The claim was raised as an evidentiary claim on direct appeal, not a prosecutorial misconduct claim. In his motion for relief from judgment motion, the prosecutorial misconduct claim was rejected by the state trial court, the Michigan Court of Appeals, and the Michigan Supreme Court on procedural grounds. Petitioner does not allege ineffective assistance of counsel for failing to raise the prosecutorial misconduct claim on appeal. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

### D. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The magistrate judge identified five instances where Petitioner alleges trial counsel's conduct constituted ineffective assistance. The magistrate judge reviewed each instance and concludes Petitioner did not establish, in any of the instances, that counsel was so deficient as to violate the Sixth Amendment. Petitioner raises two specific objections. In the first objection, Petitioner argues trial counsel should have objected to the method of jury selection and should have preserved the issue for appeal. In the second objection, Petitioner argues trial counsel's decision to have Petitioner and his wife testify was not sound trial strategy. The statements made during the testimony constituted an admission of guilt to one of the charged offenses and further contradicted counsel's opening statements.

Petitioner's objection is OVERRULED. The issue of the method of jury selection is discussed above and resolved against Petitioner. On the second objection, Petitioner has not

overcome the strong presumption that the decision to have Petitioner and his wife testify was trial strategy. Having been confronted with an avalanche of incriminatory evidence during the Prosecutions case-in-chief, Petitioner and his wife gave testimony that admitted to one of the charges against Petitioner, the lowest of the criminal sexual conduct charges. Such concession is not per se evidence of ineffective assistance of counsel. Petitioner's reliance on *Young v. Zant*, 677 F.2d 792, 799 (11th Cir. 1982) is misplaced. Counsel in *Young* did not merely concede evidence of his client's guilt in a case involving the death penalty, but also failed to adopt obvious defenses, failed to request a lesser included offense instruction, was unprepared on his client's factual claims, and did not understand the bifurcated trial procedure. *Id.* Furthermore, there are significant differences between a tactical admission and a total concession. Counsel is not ineffective when lesser crimes are admitted in hopes of avoiding a guilty verdict on greater crimes. *See Haynes v. Cain*, 298 F.3d 375, 381-82 (5th Cir. 2002); *Lingar v. Bowersox*, 176 F.3d 453, 459 (8th Cir. 1999); *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991); *United States v. Liefried*, 732 F.2d 388, 390 (4th Cir. 1984). The court has reviewed the other instances of alleged ineffective assistance *de novo*. The court finds the magistrate judge's conclusions well reasoned and well supported. Accordingly, this portion of the report is ADOPTED as the opinion of this court.

E. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner alleges several instances of ineffective assistance of appellate counsel. The magistrate judge concludes Petitioner's claims lack merit and that Petitioner did not establish prejudice. Petitioner objects.

This court has reviewed the ineffective assistance of appellate counsel claim *de novo*. The court finds the magistrate judge's assessment of the claim well reasoned and well supported. This

court has already resolved the method of jury selection issue against Petitioner. Therefore, Petitioner's objection is OVERRULED. This portion of the report is ADOPTED as the opinion of this court.

CONCLUSION

The report and recommendation is ADOPTED over objections. Petitioner has not established he is entitled to the relief sought. Therefore, the petition for writ of habeas corpus is DENIED.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Having reviewed the record for the purpose of issuing a certificate of appealability, the court finds reasonable Jurists would not disagree with the manner in which the claims presented were resolved. Specifically, the claims have been procedurally

defaulted and Petitioner's claims for ineffective assistance of counsel do not provide cause and prejudice for failing to raise the claims on direct appeal.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 33) is **ADOPTED**, over objections, as the opinion of this court.

2. The petition for writ of habeas corpus is **DENIED.**

3. A certificate of appealability is **DENIED.**


Date:   June 9, 2010                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        Chief United States District Judge